ARNEL CO., Inc. v. CLARK, Director, Division of Liquidation, Department of Commerce.

No. 419.

United States Emergency Court of Appeals.

Heard at Washington Sept. 24, 1947.

Decided Oct. 13, 1947.

Stanley J. Harte, of New York City (Harte & Natanson, of New York City, on the brief), for complainant.

Josephine H. Klein, Atty., Dept. of Justice, of Washington, D. C. (Tom C. Clark, Atty. Gen., and Floyd L. Cook and Charles G. Mulligan, Attys., Dept. of Justice, both of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER, and McALLISTER, Judges.

MARIS, Chief Judge.

The complainant in this case is engaged, among other things, in the sale of flocked cheese cloth which it purchases from the producing mills in the form of bleached cheese cloth and which it has flock printed for its own account before sale. Flock printing consists of the application, by means of an adhesive agent, of dots of ground cotton or wool to the surface of the plain material. The complainant is admittedly a "converter" of "finished piece goods" within the meaning of those terms as defined in Maximum Price Regulation No. 127 —Finished Piece Goods.[1] Having allegedly sold flocked cheese cloth at prices in excess of those prescribed by MPR 127, the complainant was made defendant in an enforcement suit commenced on April 9, 1946, and presently pending. Following the institution of the enforcement suit the complainant filed a protest against MPR 127 and upon the denial of its protest the present suit was commenced.

The complaint attacks the validity of the regulation but before we reach that question we must determine whether, properly interpreted, the regulation applied to complainant's sales of flocked cheese cloth. For if it does not so apply, the complainant has no standing to raise the question of validity. Complainant strongly urges that sales of its product are excepted from the scope of the regulation by its express terms and it points to Sec. 1400.78. That section, as amended by amendment 3,[2] is in material part as follows:

"§ 1400.78 *Exempt Sales.* The provisions of this Maximum Price Regulation No. 127 shall not apply to the following:
* * *

"(c)   Sales or purchases of: * * *

"(13)   Cheese cloth * * *

"(32)   Any fabric covered by Maximum Price Regulation No. 118—Cotton Products.
* * *"

We agree that the quoted portion of Sec. 1400.78 does clearly and definitely exclude the complainant's flocked cheese cloth from the coverage of MPR 127. We are not impressed by respondent's argument that the reference to cheese cloth in Sec. 1400.78(c) (13) is to unfinished cheese cloth, whether grey or bleached, as sold by the producing mill and not to cheese cloth which has been finished by a converter. For to give "cheese cloth" such a meaning in the exempting section would make its inclusion wholly meaningless, since MPR 127

[1] 7 F.R. 3119, issued April 27, 1942, effective May 4, 1942.

[2] 7 F.R. 4454, effective June 15, 1942.

832

purports to deal only with finished piece goods and unfinished cheese cloth was in fact expressly covered by another regulation, MPR 118. Moreover, fabrics covered by the latter regulation were expressly excluded from the coverage of MPR 127 by subparagraph (32) of Sec. 1400.78(c). It is obvious, therefore, that the reference to "cheese cloth" in Sec. 1400.78(c) (13) can only be to finished cheese cloth which, except for the exempting subsection, would have been covered by MPR 127. So construed the exempting subsection reads squarely upon the complainant's flocked cheese cloth which is finished cheese cloth that, but for Sec. 1400.78(c) (13), would have been covered by the regulation.

In view of the plain meaning of the unambiguous language of Sec. 1400.78(c) (13) we cannot follow the contrary interpretation which the Administrator's New York District Price Attorney placed upon it, pursuant to the complainant's request for an interpretation, on May 9, 1946, after the enforcement suit had been commenced. Nor are we able to accept respondent's argument that the pattern of price control evidenced by MPR 118 and MPR 127 demonstrates that finished cheese cloth was intended to be covered by MPR 127. Whatever the pattern may have been the language of MPR 127 makes it crystal clear that that regulation was not intended to cover finished cheese cloth.

We conclude that complainant's flocked cheese cloth was not covered by MPR 127. Complainant accordingly has no standing to contest the validity of the regulation and we, therefore, do not reach the objections thereto raised in the complaint.

A judgment will be entered dismissing the complaint.